Judge Owslex
delivered the opinion.
This was an action of detinue, brought by Magowen, to recover from Hay a negro girl. '1 be trial was had on the general issue, and for the purpose of proving bis right to the uegro, Magowen introduced as evidence the copy of an execution which was issued by Joseph Hensly, a justice of'ihe peace for Montgomery county, in favor of Abi-hu Anderson, administrator of Nicholas Anderson, dec’d. for Í.4 13s debt, and 3s cosis, against the estate of John Hardwick ⅝ Viitchel! Hardwick, bearing date the 1st day of October. 1810. directed to Porterfield Toien, constable for Montgomery county, and containing a direction for the constable to make return thereof according to law. He also read in evidence, the following endorsement on the execution, namely — “ I renew this execution for ninety days. Given under uiv hand this 4th of July, 1811, signed bv the justice, Joseph Hensly.” He also introduced as evidence the constable’s return, in the following words— tk Executed on a negro child named Rachel, the property of John Hardwick, given up to satisfy this debt ; I exposed her to sale, agreeable to law, and Maple Hardwick became the purchaser. PORTERFIELD ToLEN, Coti.”
He also introduced, as evidence, the bill of sale given by the constable to Maple Hardwick for the negro girl, bearing date the 13th of August, 1811 ; and proved, by the constable, that the negro girl was delivered to him by John Hardwick to sell in satisfaction of the execution, and that he accordingly, in the presence of Hardwick and without objections from him, sold her, at public auction, a few days previous to the date of the bill of sale. A copy of the o;der of the county court, proving Telen to be constable, was also introduced in evidence ; and the bill of sale, from Maple Hardwick to Magowen, was also produced and its execution admitted.
The judge a'ltave 1S i0id by an officer, need !®,ab“ ?“ewft i,rouffin to recover pos^ (u"j u> the sUve 'o 'he hf. from anginal ⅛ salé, he occupies ihe fhe ori ^nal owner"and cannot <juea-
execution* ⅛ endorsement 1*vaisd, voluntarily0* ,le property o'f the execution, & tho* sate'does' not object»
Crittenden, for plaintiff in error.
After all this evidence was introduced, the court, on the motion of the counsel for Hay, and without any evidence being introduced by him to shew in what manner he held the negro, excluded the evidence from the jury.
The grounds on which the evidence was excluded <^oea cot appear on the record, and are left entirely to the con jecture of this court. If it were excluded an the ground that the record of the judgment, of the justice, on which the execution issued wa6 not produced, we should entertain no doubt, but the court erred. The evidence might have been excluded on that ground, if it had been shewn that Hay hada claim to the negro anterior to the time the sale by the constable, but he may have derived his claim since then from John Hardwick ; and if so. be assume no better attitude in this contest than could, were he the defendant, and in a contest w ith wick the execution, without a transcript cf the would not only be a justification for the constable, but that can be required of the purchaser or his alienee.
But the evidence may have been excluded oit the ground cf the execution,, and the endorsement made thereon the justice, not confining any authority on the constable to take and sell the negro girl. We have not thought it material in the present case, however, to inquire into sufficiency of the execution and endorsement ; for, however informal the execution and endorsement may be, it was competent for Hardwick to surrender his negro to the constable, for the purpose of having her sold, to satisfy the demand-against him, and in the present case he is not only to have delivered the negro to the constable for the purpose of having her sold, but he appears, moreover, to have been present at the sale, and then made no obj£ction to the sale. '
The judgment must be reversed with cost and the cause remanded to the court below, and further proceedings there bad not inconsistent with this opinion.